UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GERALD W. GRAY,<br><br>                Plaintiff,<br><br>  vs.<br><br>BNSF RAILWAY CO.,<br><br>                Defendant. | NO. CV-11-0169-JLQ<br><br>ORDER RE: DEFENDANT'S MOTION TO DISMISS |

BEFORE THE COURT is Defendant BNSF's "Motion to Dismiss Plaintiff's Complaint or Alternatively, for More Definitive Statement" (ECF No. 7). The court has reviewed the briefing of the parties, and no party has requested oral argument.

**I. Discussion**

BNSF argues that Plaintiff's Complaint makes only factual allegations that Plaintiff was an employee, he performed heavy manual work, he was exposed to movement in the truck he drove, and suffered injuries including but not limited to his lower back. (ECF No. 7, p. 2). Plaintiff, not surprisingly, argues that the Complaint contains sufficient factual content to satisfy the notice pleading standard under Fed.R.Civ.P. 8(a). (ECF No. 14).

Plaintiff contends that the Complaint contains sufficient factual allegations of negligence, including:

- that BNSF failed to provide Plaintiff with in-house safety training regarding the cumulative effects of repetitive stress;

- that BNSF failed to protect Plaintiff by not using ergonomically designed tools and machinery, scheduled recovery times, or equipment engineering;

- BNSF failed to periodically monitor and assess Plaintiff's health;

- BNSF did not warn Plaintiff about latent potential health risks;

- BNSF did not provide Plaintiff with a proper and safe truck to operate.

ORDER - 1

(ECF No. 14, p. 5).

BNSF argues that the Complaint does not contain sufficient facts to establish duty, breach, foreseeability, and causation. The Federal Employers Liability Act (FELA), 45 U.S.C. § 51 establishes that:

"Every common carrier by railroad...shall be liable in damages to any person suffering injury while he is employed by such carrier...for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier."

*CSX Transp. Inc. v. McBride*, 564 U.S. __ (June 23, 2011) *citing* 45 U.S.C. § 51. A "relaxed standard of causation" applies in FELA cases. A plaintiff must only show that an injury resulted in whole or part from the employer's negligence. *Id.* Reasonable foreseeability of harm remains an "essential ingredient" of a FELA negligence claim. *Id.*

### A. Plaintiff's Complaint

Plaintiff's Complaint is vague. It does not allege basic facts, such as the dates of alleged employment with BNSF. It does not allege the date(s) of the alleged injury. It does not allege where the injury occurred--merely alleging that Plaintiff lived in Spokane, and was a truck driver for BNSF.

However, the Complaint does allege that Plaintiff was an employee of BNSF and that he was caused to suffer injuries by BNSF during the scope of his employment. (ECF No. 1, ¶¶ 3, 15). The Complaint alleges that under FELA, BNSF owed a duty to provide a reasonably safe work environment and safe equipment. (ECF No. 1, ¶ 8). In Paragraph 17, the Complaint attempts to set forth specific allegations of negligent conduct. However, these allegations are not sufficient to allow BNSF to answer the allegations against it. For example, Paragraphs 17(a) & (b) merely state that BNSF failed to provide a safe work environment, or safe tools. Paragraph 17(h) alleges BNSF failed to provide a "proper, safe truck," without alleging in what manner the truck was unsafe or inadequate. Other allegations concerning the alleged failure to monitor and assess Plaintiff's health and failure to warn of the potential health risks of repetitive tasks raise issues as to

ORDER - 2

whether an employer has such a duty and also raises causation concerns.

Despite these inadequacies, Plaintiff's Complaint satisfies the minimal notice pleading requirement. BNSF knows that a former employee is bringing a claim under FELA for an alleged injury suffered during the course of his employment due, at least in part, to BNSF's alleged negligence.

**B. Request for More Definite Statement**

In the alternative, BNSF requests that the court direct Plaintiff to file an Amended Complaint. Although Plaintiff's Complaint meets the notice pleading standard, the vagueness of the allegations therein makes it unnecessarily difficult for BNSF to investigate and respond. Therefore, relief under Fed.R.Civ.P. 12(e)("A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."), is appropriate. Accordingly,

**IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss/For More Definite Statement (ECF No. 7) is **GRANTED** in part and **DENIED** in part. Defendant's request for dismissal pursuant to Fed.R.Civ.P. 12(b)(6) is denied. Defendant's request for more definite statement pursuant to Rule 12(e) is granted.

2. Plaintiff shall file an Amended Complaint which addresses the vagueness and lack of specificity in the Complaint that is addressed in this Order and raised in Defendant's Motion. **Such Amended Complaint shall be filed within 20 days of the entry of this Order.**

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 30th day of June, 2011.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE